**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHRISTOPHER J. BAKES, SB# 99266
  E-Mail: Christopher.Bakes@lewisbrisbois.com
CAITLIN E. HIGGINS, SB# 298782
  E-Mail: Caitlin.Higgins@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Plaintiff, TODD GRAVES
GOLF SCHOOL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| TODD GRAVES GOLF SCHOOL, LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>JERRY D. MARTIN D/B/A GOLF DESTINATIONS INTERNATIONAL<br><br>            Defendant. | Case No.  5:21-cv-00450<br><br>**COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Todd Graves Golf School, LLC ("Graves") states the following for its Complaint against Defendant Jerry D. Martin d/b/a Golf Destinations International ("Defendant"):

### **NATURE OF THE ACTION**

1.     This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.*

///

1

**PARTIES**

2    2.    Plaintiff, Todd Graves Golf School, LLC ("Graves") is a limited liability

3 company organized under the laws of Oklahoma with its principal place of business

4 in Edmond, Oklahoma.  Graves regularly provides golf instruction services in this

5 District.

6    3.    Defendant is an individual residing in Palm Desert, California operating

7 a golf instruction business under the name Golf Destinations International.

8    4.    Defendant is the owner of the singleplaneexperienceschools.com and

9 singleplaneexperience.com domain names.

10

**JURISDICTION AND VENUE**

11    5.    This action arises under 15 U.S.C. §§ 1114 and 1125(d).  This Court has

12 subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal

13 question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1332(a)(1) as this

14 action is between citizens of different states and the amount in controversy exceeds

15 $75,000, exclusive of interest and costs.

16    6.    This Court may exercise personal jurisdiction over Defendant under the

17 California Long-Arm Statute, because the Defendant is transacting business in

18 California and caused an injury in this state by marketing and providing golf

19 instruction services to California consumers using the SINGLE PLANE

20 EXPERIENCE® Mark through its interactive websites located at

21 singleplaneexperienceschools.com and singleplaneexperience.com.

22    7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

23 because a substantial part of the events and omissions giving rise to this claim

24 occurred here; and (b) the Defendant is subject to personal jurisdiction here.  Further,

25 Defendant has committed acts of cybersquatting in this District, and has caused

26 injury in this district.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8.     This case involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00) for the damages suffered by Graves directly, exclusive of costs and interest.

## FACTS

**Graves's Trademark Rights**

9.     Graves markets and provides golf instruction services under the trademark SINGLE PLANE EXPERIENCE® and owns the United States Trademark Registration for the SINGLE PLANE EXPERIENCE® mark, Registration Number 5,041,110 (the "Single Plane Experience Mark").   A copy of the Certificate of Registration is attached as **Exhibit A**.

10.     Graves also owns a family of additional SINGLE PLANE trademark registrations for golf-related goods and services, including Reg. Nos. 5040967, 4683879, 5268985, 5268986, and 5771794.   A copy of these Certificates of Registration are attached as **Exhibit B**.

11.     Graves began using SINGLE PLANE trademarks in connection with golf-related products and services since at least as early as 2002 and started providing golf instruction services under the SINGLE PLANE EXPERIENCE® Mark since at least December 31, 2012.

12.     Graves has expended considerable resources in building the goodwill associated with its SINGLE PLANE EXPERIENCE® Mark in connection with golf instruction services.

13.     Graves markets its golf instruction services through its family of SINGLE PLANE branded websites, including singleplane.co.uk, singleplane.eu, singleplane.golf, singleplane3d.com, singleplane3d.golf, singleplane3dgolf.com, singleplaneacademy.com, singleplaneacademy.net, singleplaneacademy.org, singleplanegolf.co.uk, singleplanegolf.eu, singleplanegolf.net, singleplanegolf.tv, singleplanegolf3d.com, singleplanegolfclubs.com, singleplanegolffix.com, singleplaneinstruction.com, singleplaneinstructors.biz, singleplaneinstructors.co,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | singleplaneinstructors.com, singleplaneinstructors.info, singleplaneinstructors.net,
2 | singleplaneinstructors.org, singleplaneputting.com, singleplaneputtingsystem.com,
3 | singleplaneuniveristy.com, thesingleplane.com, thesingleplane.golf,
4 | thesingleplaneexperience.com, and thesingleplanegolfuniversity.com

5 |    14. Graves specifically promotes the golf instruction services offered under
6 | the SINGLE PLANE EXPERIENCE® Mark at the websites located at
7 | singleplaneinstructors.com and moenormangolf.com.  A copy of these Graves
8 | websites are attached as **Exhibit C**.

9 | **<u>Defendant's Cybersquatting</u>**

10 |    15. Defendant knows Graves and, upon information and belief, Defendant
11 | was monitoring the trademarks Graves used to operate its business for many years.

12 |    16. Defendant had actual notice of Graves' use of the SINGLE PLANE
13 | EXPERIENCE® mark in connection with golf instruction prior to registering the
14 | singleplaneexperienceschools.com and singleplaneexperience.com domain names in
15 | January of 2014. The WHOIS report for each of these domain names is attached as
16 | **Exhibit D**.

17 |    17. In 2018, Defendant began directing the
18 | singleplaneexperienceschools.com and singleplaneexperience.com domain names to
19 | a competing golf instruction website to confuse consumers into believing Defendant
20 | is associated, sponsored, or affiliated with Graves. A copy of the website is attached
21 | as **Exhibit E**.

22 |    18. Defendant registered the singleplaneexperienceschools.com and
23 | singleplaneexperience.com domain names in bad faith, with actual knowledge of
24 | Graves' rights in the SINGLE PLANE EXPERIENCE® Mark.

25 |    19. Defendant registered the singleplaneexperienceschools.com and
26 | singleplaneexperience.com domain names without identifying himself or his d/b/a as
27 | the registrant of the domain name to hide his identity.

28 |



20.     Moreover, Defendant has used, and continues to use, the singleplaneexperienceschools.com and singleplaneexperience.com domain names to confuse consumers and divert consumers from Graves' business by directing them to Defendant's website, which offers directly competing golf instruction services.

21.     The singleplaneexperienceschools.com and singleplaneexperience.com domain names are confusingly similar to the SINGLE PLANE EXPERIENCE® Mark.

22.     Defendant acted with a bad faith intent to profit from his registration and use of the singleplaneexperienceschools.com and singleplaneexperience.com domain names.  In addition, Defendant's violations of the SINGLE PLANE EXPERIENCE® Mark demonstrates an intent to divert customers from Graves's online locations for commercial gain.

## COUNT ONE

### Anticybersquatting Consumer Protection Act

### (15 U.S.C. §1125(d))

23.     Graves restates the preceding paragraphs as if fully incorporated herein.

24.     Defendant registered and is using the singleplaneexperienceschools.com and singleplaneexperience.com domain names in bad faith.

25.     The SINGLE PLANE EXPERIENCE® Mark was distinctive at the time of Defendant's registration of the singleplaneexperienceschools.com and singleplaneexperience.com domain names.

26.     The singleplaneexperienceschools.com and singleplaneexperience.com domain names are confusingly similar to the SINGLE PLANE EXPERIENCE® Mark.

27.     Graves has a registration for the SINGLE PLANE EXPERIENCE® Mark with the United States Patent and Trademark Office in connection with golf instruction services.

28.     Defendant has no bona fide use of the singleplaneexperienceschools.com and singleplaneexperience.com domain names.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-4597-8848.1

5

COMPLAINT

29.     Defendant's     intent     in     registering     and     using     the singleplaneexperienceschools.com and singleplaneexperience.com domain names was and is to divert consumers from the Graves's online locations to Defendant's website solely to harm the goodwill of the SINGLE PLANE EXPERIENCE® Mark and Graves for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of Defendant's website.

30.     Defendant     is     using     the     singleplaneexperienceschools.com     and singleplaneexperience.com domain names without authorization from Graves and with the bad faith intent to mislead and deceive the public.

31.     The aforesaid actions constitute cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

32.     Defendant's     unauthorized     registration     and     use     of     the singleplaneexperienceschools.com and singleplaneexperience.com domain names has, is, and, unless remedied, will continue to cause injury to Graves and the goodwill Graves has built in the Single Plane Experience Mark and its business reputation.

33.     Graves has no adequate remedy at law.

**WHEREFORE**, Graves prays the Court enter judgment in its favor and against Defendant as follows:

1.     That the Court find Defendant registered and/or used the singleplaneexperienceschools.com     and     singleplaneexperience.com domain names in violation of the ACPA and order Defendant to transfer the singleplaneexperienceschools.com and singleplaneexperience.com domain names to Graves and order Defendant to pay Graves $200,000 in statutory damages and Graves' attorneys' fees because of the exceptional nature of this case;

2.     That the Court permanently restrain and enjoin Defendant, his agents, servants, employees, and other persons in active concert with Defendant,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  from any and all further use of any domain name incorporating the words
2  "SINGLE PLANE EXPERIENCE" or "SINGLE PLANE";

3. That the Court enter an order directing Defendant to engage in such advertisements as reasonably required to correct the misinformation in the marketplace that it is associated with Graves and give notice to all of Defendant's customers that he is not associated with Graves;

4. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve upon Graves within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

5. That the Court grant Graves such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Graves requests a jury trial for all causes of action so triable.

DATED:  March 12, 2021          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ Christopher J. Bakes
         CHRISTOPHER J. BAKES
         Attorneys for Plaintiff, TODD GRAVES
         GOLF SCHOOL, LLC

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW